UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JEFFREY UNDERWOOD,

                                    Plaintiff,    **ANSWER TO COMPLAINT**

                -against-

THE CITY OF NEW YORK, THE NEW YORK CITY    **07 CIV 7094 (RJH)**
POLICE DEPARTMENT, individually and in their official
capacity as NEW YORK CITY POLICE OFFICERS-    **Jury Trial Demanded**
DETECTIVE DANIEL RYAN SH#6878, NBBX,
UNDERCOVER POLICE OFFICER #8130 and John Doe
Police Officers,

                                    Defendants.

------------------------------------------------------------------------ x

        Defendants City of New York and the New York City Police Department[1], by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:

        1.    Deny the allegations set forth in paragraph "1" of the complaint.

        2.    Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

        3.    Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

        4.    Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

        5.    Paragraph "5" of the complaint contains no averments of fact relating to plaintiff's claim; accordingly, no response is required.

---

[1] According to the docket sheet, Detective Daniel Ryan and UC #8130 have not been served with process.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the NYPD is an agency of the City of New York.

9. The allegations set forth in paragraph "9" of the complaint constitute legal conclusions, except admit that Detective Daniel Ryan was a police officer of the NYPD.

10. The allegations set forth in paragraph "10" of the complaint constitute legal conclusions, except admit that Undercover #8130 was a police officer of the NYPD.

11. Deny the allegations set forth in paragraph "11" of the complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint.

16. In response to the allegations set forth in paragraph "16" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" to "15" inclusive of this answer, as if fully set forth herein.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. Deny the allegations set forth in paragraph "24" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

25. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

26. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

27. Plaintiff has failed to comply with New York General Municipal Law §50-e.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

28. Plaintiff provoked any incident.

### AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE:

29. Punitive damages cannot be recovered against the City of New York.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

30. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion. Therefore, they are entitled to governmental immunity from liability.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

31. There was probable cause for plaintiff's arrest, detention, and criminal prosecution.

- 4 -

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

32. The defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

33. The New York Police Department is a non-suable entity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

34. Plaintiff's claims are barred in whole, or in part, by the applicable statute of limitations.

**WHEREFORE,** defendants City of New York and New York Police Department, request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:    New York, New York
          October 29, 2007

                            MICHAEL A. CARDOZO
                            Corporation Counsel of the
                            City of New York
                            Attorney for Defendants City of New York and NYPD
                            100 Church Street, Room 3-180
                            New York, New York 10007
                            (212) 788-1029

By:    /s/ _____
       Jennifer L. Rubin
       Assistant Corporation Counsel

To:    Rudy Valez, Esq. (By ECF)
       930 Grand Concourse, Suite 1A
       Bronx, New York 10451